GERARDO GUARDIOLA, peticionario, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. CARLOS LLAUGER, JUEZ, y OSCAR A. GANDÍA, demandados.

No. 576.—*Visto:* Junio 20, 1927.   *Resuelto:* Enero 31, 1928.

FUNCIONARIOS *(Officers)*—DERECHOS, PODERES, DEBERES Y RESPONSABILIDADES—REMUNERACIÓN POR SUS SERVICIOS—COBRO DE DERECHOS ILEGALES.—Los taquígrafos de las cortes de distrito sólo pueden percibir por sus servicios oficiales los honorarios fijados por la ley, y si la cuestión de haber percibido más y negarse el taquígrafo a devolver el exceso se levanta por moción en el pleito respectivo, invocándose el inciso 5 del artículo 7 del Código de Enjuiciamiento Civil, la corte tiene facultad para conocer y decidir por sus méritos la cuestión suscitada.

CERTIORARI para revisar orden de *Carlos Llauger Díaz,* J. (San Juan), declarándose sin facultades para conocer, por moción, de incidente sobre devolución de honorarios cobrados en exceso de la ley.   *Anulada* la orden y devuelto el caso.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Gerardo Guardiola presentó una solicitud de *certiorari* en esta Corte Suprema, alegando, en resumen, que fué de-

mandado en la Corte de Distrito de San Juan; que dictada sentencia apeló de ella y solicitó del taquígrafo Oscar Gandía que transcribiera las notas taquigráficas y demás documentos necesarios para la apelación; que dicho taquígrafo una vez que terminó la transcripción se negó a radicar el original en la corte y a servir copia al peticionario a menos que éste le pagara la suma de doscientos dólares en que dicho funcionario público tasó sus honorarios, negándose igualmente dicho taquígrafo a facilitar al peticionario copia del récord transcrito con el fin de hacer el cómputo de palabras para determinar el costo exacto del mismo; que entonces el peticionario no tuvo más remedio que pagar los doscientos dólares exigidos; que una vez en su poder el récord, procedió a contar las palabras resultando que contenía 26,924, ascendiendo por tanto su valor legal—diez centavos cada cien palabras—a $26.92, motivo por el cual requirió al taquígrafo para que le reintegrase la diferencia, sin éxito; que el peticionario radicó entonces una moción ante la corte de distrito exponiendo los hechos que anteceden y pidiendo que se ordenara al taquígrafo la devolución solicitada; que la moción fué notificada al taquígrafo y éste, aceptando los hechos expuestos, se limitó a alegar que la corte carecía de jurisdicción para resolver la cuestión que se le planteaba, y finalmente que la corte decidió que en efecto no tenía jurisdicción por entender que el procedimiento adecuado era una acción ordinaria sobre cobro de lo indebido.

El auto solicitado fué expedido. La vista fué suspendida a petición del taquígrafo y celebrada luego con asistencia de los abogados representantes del peticionario y del taquígrafo. La corte demandada no compareció. Tanto el peticionario como el taquígrafo archivaron alegatos dentro del término que se les concediera al efecto en apoyo de sus respectivas pretensiones.

En los autos originales elevados en cumplimiento del

auto consta en extenso la resolución del juez de distrito. Parece conveniente transcribir la parte de la misma que sigue:

"Las Cortes tienen poder, de acuerdo con el Artículo 7 del Código de Enjuiciamiento Civil, entre otras cosas:

"(6) 'Para dirigir en bien de la justicia, la conducta de sus funcionarios y de las demás personas que tuvieren algún interés en cualquier procedimiento judicial seguido ante ella o actuación perteneciente a dicho procedimiento.'

"Pero en esta cuestión, ¿está envuelta en alguna forma la conducta oficial del taquígrafo-repórter Oscar Gandía?

"La Sección 5 de la ley de marzo 10 de 1904 creando las plazas de taquígrafos-repórters de los tribunales de distrito, dispone que será deber del taquígrafo proporcionar, a petición de cualquier parte en un pleito, copia tipo-escrita de los autos (records) por lo cual tendrá derecho a percibir, además de su sueldo, diez centavos por cada cien palabras que pagará la parte que solicite el record y que habrán de cargarse como costas de la causa a la parte que resulte vencida en juicio.

"Basándose en esta disposición de la ley el demandado sostiene que la Corte tiene facultad para ordenar la devolución de la suma cobrada en exceso. No estamos conformes. Para dar cumplimiento a los preceptos de la citada ley y para mantener la Corte su jurisdicción y poder sobre la conducta de sus funcionarios, se adoptó la regla 30 de las 'Reglas para las Cortes de Distrito' que en su parte pertinente dice:

'Será deber del taquígrafo preparar las notas taquigráficas y preparar las transcripciones de evidencia de todos aquellos asuntos civiles que se le ordenaren por la Corte . . . . pero la parte interesada, una vez dictada la orden o hecha la solicitud deberá consignar en Secretaría *el importe de los honorarios del taquígrafo conforme el arancel,* y las notas serán entregadas y las transcripciones de evidencia presentadas, según el orden de consignación de los honorarios.'

Esta regla fué incorporada en el reglamento especial para esta Corte redactado por el Consejo judicial creado por la ley reorganizando las Cortes de Distrito de San Juan aprobada el 16 de septiembre de 1925. (Véase la regla 10 del reglamento especial para la Corte de Distrito de San Juan.)

"De suerte que cuando la parte consigna los honorarios en la secretaría, es claro que la Corte tiene poder para hacer cumplir su

reglamento y corregir cualquier desviación del mismo mediante orden. Pero en el presente caso el demandado no ha seguido el claro precepto que le señala el reglamento: el de la consignación. El ha estimado más conveniente a sus intereses hacer un convenio con el taquígrafo Gandía para la transcripción del récord, y siendo esto así, porque así aparece de su propia moción, entiende la Corte que no tiene facultades para compeler mediante orden sumaria la devolución solicitada por el demandado. Si bien se trata de un funcionario de la Corte, su conducta en este caso no ha sido oficial, porque el propio demandado lo sacó de la esfera oficial de la Corte, al entrar en un convenio, que tiene a nuestro juicio, las características de un arrendamiento de servicios, o de una obligación recíproca entre el demandado y el taquígrafo. Si éste recibió una suma que no tenía derecho a cobrar y por lo tanto fué errónea e indebidamente pagada, tiene la obligación de restituirla. (Art. 1796 Cód. Civil). Pero tal devolución debe ser reclamada en juicio ordinario, toda vez que aquel a quien se pida la devolución puede probar que la entrega se hizo a título de liberalidad o por otra justa causa. (art. 1802 Cód. Civil).

"La Corte ha examinado la cita de 15 Corpus Juris 316 (783–B) pero entiende que no es aplicable a este caso. También la Corte se ha fijado en la observación que le hace el demandado en cuanto al pago de $3.00 que el demandante en una acción civil debe hacer al tiempo de radicar la demanda. Tal cosa no tiene relación alguna con este asunto; pero quiere la Corte hacer constar que dicho derecho ha sido expresamente derogado por la sección 8 de la ley número 17 de marzo 11 de 1915.

"En conclusión, entiende la Corte que no habiéndose acogido el demandado a las reglas de la Corte para la consignación de los derechos del taquígrafo, no tiene facultades para compelerle a la devolución interesada, porque si tal hiciera, estaría privándole de alegar en su descargo las defensas que le concede el artículo 1802 del Código Civil, y privándole también del derecho estatutorio de apelación porque no ha sido vencido en juicio ordinario y no podría apelar dentro de este procedimiento. Si el demandado ha sufrido lesión y quebranto en sus intereses, anchos caminos tiene en ley para repetir contra el taquígrafo. En esta resolución sólo se decide la moción interpuesta, sin prejuzgarse ninguna cuestión no presentada, y sin que se entienda que la Corte aprueba el procedimiento seguido en este caso."

Y como en la resolución de la corte se dice que el peti-

cionario celebró un convenio con el taquígrafo ''como así aparece de su propia moción,'' debe transcribirse de igual modo lo pertinente a ese respecto de la moción.   Es así:

''Que el demandado pagó en varias partidas al taquígrafo, a cuenta de sus honorarios, la suma de ciento veinte dólares ($120.00) y al terminar la transcripción requirió el demandado al taquígrafo para que le suministrara copia de ella con el fin de determinar el montante definitivo de los honorarios, a lo que se negó el funcionario repetido, viéndose obligado el demandado a pagar a dicho taquígrafo la suma adicional de ochenta dólares ($80.00) que junto con los ciento veinte pagados a cuenta, dan un total de doscientos dólares ($200.00) que es el valor según el taquígrafo del récord antes referido, el cual récord fué debidamente radicado en la Secretaría de esta Hon. Corte.

''Que el demandado pagó la cantidad mencionada porque el taquígrafo la fijó como el importe de los honorarios a que tenía derecho según la Ley, y reservándose el demandado la comprobación de dichos honorarios para cuando tuviera en su poder la copia del récord, que sin el pago previo de los honorarios reclamados por el taquígrafo, éste se negaba a entregar al demandado.

''Que contadas las palabras contenidas en el récord taquigráfico repetido, dieron un total de veintiséis mil novecientas veinticuatro, que a razón de diez centavos cada cien palabras, que es el precio fijado por la Ley, importan veintiséis dólares noventa y dos centavos, ($26.92), existiendo por tanto una diferencia de ciento setenta y tres dólares, ocho centavos ($173.08) entre el valor del récord según la Ley y lo cobrado por el taquígrafo.''

¿Debió la corte declararse sin facultades para actuar?

A nuestro juicio el poder de la corte para intervenir era claro.   Se trataba de un procedimiento seguido ante ella, el incidente surgió con motivo del cobro de honorarios del taquígrafo que tienen el concepto de costas y el cobro se hizo por uno de sus funcionarios cuya conducta no sólo puede. sino que debe dirigir en bien de la justicia.

La propia regla que la corte de distrito transcribe en su resolución, demuestra que la corte asumió jurisdicción sobre la materia.   Y tal jurisdicción no quedó por ello en manera alguna agotada.

Es cierto que el peticionario no se acogió como pudo haberlo hecho a la regla. Tampoco la siguió el taquígrafo. Y es cierto además que en la moción presentada a la corte de distrito no se da tanto color a los hechos como en la solicitud de *certiorari* archivada en esta Corte Suprema, pero también lo es que de la moción surge claro, distinto, no negado, el hecho de haber un funcionario de la corte insistido en cobrar dentro de un procedimiento ante la corte por servicios oficiales la suma de doscientos dólares cuando de acuerdo con la ley sólo podía percibir la de $26.92. La diferencia es tan grande, la exacción tan ilegal, la conducta tan contraria a la que debe seguirse en todos los actos realizados dentro de una corte de justicia, que no es posible dejar de intervenir. Para casos como éste es que precisamente existe el artículo 7 del Código de Enjuiciamiento Civil que analizaremos en seguida. Dice, en lo pertinente, así:

"Art. 7.—Toda Corte tendrá poder:

    ❋        ❋        ❋        ❋        ❋        ❋        ❋

"5.—Para dirigir en bien de la justicia la conducta de sus funcionarios . . . ."

Es igual al artículo 128, No. 5, del Código de Enjuiciamiento Civil de California, al artículo 110, No. 5, del Código de Enjuiciamiento Civil de Montana y a la sección 3862, No. 5, de los Códigos revisados de Idaho, y consagra un poder inherente que fué siempre reconocido a las cortes y sin el cual no podrían éstas cumplir plenamente su misión.

Hemos consultado la jurisprudencia general y especialmente la de los estados de California, Idaho y Montana y no hemos encontrado ninguna decisión aplicable directamente al asunto en controversia.

Como los honorarios del taquígrafo tienen el concepto de costas (*Finlay* v. *Fabián,* 25 D.P.R. 52; 7 California Jurisprudence 655), hemos examinado la jurisprudencia sobre el particular. Corpus Juris la resume así:

"Existe diferencia de opiniones respecto a la forma de recobrar costas que no tenía obligación de pagar la persona que las ha satis, fecho.. Según algunos casos el remedio adecuado es una acción independiente; y otros sostienen que tal acción independiente no puede entablarse, y que el remedio debe ser por una orden de la Corte o mediante ejecución.'' 15 Corpus Juris 316.

Los casos que sostienen que se necesita un pleito independiente no presentan las circunstancias de éste. Tampoco los que deciden que la reclamación debe hacerse en el mismo pleito, pero si existen cortes que han considerado que la última vía es la procedente cuando se trata de costas en general pagadas indebidamente, con mucha más razón es aplicable el criterio cuando está envuelta la conducta de un funcionario de la corte y se invoca el No. 5 del artículo 7 del Código de Enjuiciamiento Civil.

Los taquígrafos son funcionarios de la corte. Tienen su sueldo y, además, pueden cobrar los honorarios fijados por la ley y los fijados y no otros son los que únicamente pueden percibir.

En su alegato el taquígrafo demandado se refiere al enorme trabajo que existe en la Corte de Distrito de San Juan y parece desprenderse que pretextando tal motivo es cosa corriente dejar a un lado la ley para contratar remuneraciones arbitrarias por llamados trabajos extras realizados en altas horas de la noche. Y parece desprenderse también de la opinión del juez de la corte de distrito que se negó a decidir la cuestión, que resolver el asunto por moción sería privar al taquígrafo de poder presentar tal defensa o la de mera liberalidad en el pago.

En primer lugar no vemos por qué al suscitarse la cuestión por moción dentro del mismo pleito no tuviera oportunidad el taquígrafo de alegar y en su caso probar todo lo que fuera conducente a su derecho, inclusive lo que dice en su alegato. Y en segundo lugar nos parece que la cuestión no admite distingos de ningún género. Sólo los honorarios permitidos por la ley, como hemos dicho, son los que pue-

den percibirse. Alentar, permitir o pasar por alto otra práctica, sería sancionar un procedimiento contrario a la letra y al espíritu no sólo de la ley sino de la regla de la corte que ha sido citada. Más que al exceso de trabajo se debe quizá a esa práctica viciosa el retardo en la tramitación de las apelaciones que viene entorpeciendo desde hace tiempo la rápida administración de la justicia en Puerto Rico.

*Debe anularse la orden de que se queja el peticionario y devolverse el caso a la corte de distrito de su origen* para que continúe conociendo en el mismo de acuerdo con los principios establecidos en esta opinión.

El Juez Asociado Sr. Wolf disintió. El Juez Asociado Sr. Texidor no intervino.

#### OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

La sección 4 de la Ley de 10 de marzo de 1904 relativa a los taquígrafos-reporters, dispone, Leyes de ese año, página 110:

"El taquígrafo entregará los récords y notas tomadas por él al Secretario de la Corte de Distrito del distrito en que las notas fueron tomadas y celebrado el juicio."

El deber del taquígrafo es radicar la transcripción de sus notas taquigráficas y entonces ésta se convierte en parte oficial de los autos. Cualquier persona puede obligar a un taquígrafo a radicar la transcripción de sus notas taquigráficas mediante la orden correspondiente de la corte o tal vez valiéndose de un recurso de *mandamus*. Podría seguirse un procedimiento de desacato por negarse a obedecer la orden de la corte.

La sección 5 de dicha ley es la que da a una persona el derecho a recibir una copia de la transcripción. Dicha sección dice en parte:

"Será deber del taquígrafo, al ser requerido por el Attorney General, el fiscal de distrito, o por cualquier persona, parte en un

pleito en que se hayan tomado notas taquigráficas, proporcionar copia escrita en máquina de los autos (récords), o de cualquier parte de los mismos, por la cual tendrá derecho a recibir, además de su sueldo, diez centavos como honorarios por cada cien palabras, que habrá de satisfacer la parte que solicite aquélla, cuya suma habrá de cargarse como costas de la causa a la parte vencida en juicio.''

Por tanto, no hay copia oficial de los autos hasta que el taquígrafo haya radicado su transcripción. No puede haber transcripción hasta que ésta haya sido radicada y nadie tiene derecho a nada excepto a una copia de la transcripción escrita en maquinilla ya hecha parte de los autos.

Es cierto que la corte tiene derecho a regular la conducta de sus funcionarios, pero es entendido necesariamente que la corte no puede controlar todos los asuntos de sus funcionarios. De acuerdo con la misma ley invocada por el peticionario para que sean reducidos los honorarios del taquígrafo, éste no tenía deber alguno de suministrar una copia de su transcripción hasta que no la hubiera radicado en la corte.

Hasta ahora he asumido, de conformidad con el peticionario, que el demandado, el taquígrafo en este caso, desempeñaba sus deberes más o menos por virtud de la Ley de 10 de marzo de 1904 que meramente requiere del taquígrafo que radique la transcripción taquigráfica de las declaraciones verbales tomadas por él. En aquel entonces, para los fines de la apelación, la prueba presentada a la corte podría ser incorporada a los autos solamente mediante una exposición del caso o de un pliego de excepciones. Por tanto, para aquel tiempo la transcripción taquigráfica sólo era un medio por el cual las partes podían guiarse para proseguir su apelación, para fundamentar una moción de nuevo juicio o para su argumentación.

Sin embargo, en este caso no puede haber duda de que los servicios fueron prestados en la preparación de la transcripción taquigráfica para ser usada en sustitución de un pliego de excepciones o de la exposición del caso, que es la

forma dispuesta por la Ley No. 27 de 1917.  Según esa ley el taquígrafo tiene deberes adicionales distintos a los impuéstosle por la Ley de 1904.  De acuerdo con la ley posterior se exige que el taquígrafo entre otras cosas no solamente tome las declaraciones verbales, según lo requería la Ley de 1904, sino que transcriba todas las resoluciones, actos o manifestaciones de la corte, así como todas las objeciones y excepciones de los abogados en cuestiones o materias que con la misma se relacionen, y que además haga una copia de todos los documentos ofrecidos y admitidos como prueba.  En otras palabras, los deberes impuestos por la ley más reciente se basan en un sistema distinto.  Si se examina la ley de 1917 se verá que no contiene un arancel de honorarios, y al actuar de acuerdo con ella podría imaginarse que el taquígrafo no queda obligado en la misma forma en que lo estaba por la tarifa contenida en la ley anterior.  Las consideraciones que he hecho en este párrafo no se me ocurrieron hasta después de haber sido resuelto este caso.

Si la transcripción taquigráfica se preparó, según supuso la corte inferior, con motivo de un contrato privado entre las partes y no de acuerdo con ninguna de las leyes que definen los deberes de los taquígrafos, entonces existe menos razón para un procedimiento sumario por parte de la corte.

El examen que he hecho de las autoridades, me lleva a la convicción, y éste ha sido el principal fundamento de mi disentimiento, de que en ausencia de una ley específica concediéndoles autoridad, por lo general las cortes no ordenarán a sus funcionarios a devolver dinero que han cobrado ilegalmente, sino que dejarán a las partes que aleguen sus derechos por medio de un pleito, de una orden para mostrar causa y de ejecución.  35 Cyc. 1858; 37 Cyc. 528 *et seq; San Francisco* v. *Mulcrevy*, 113 Pac. 339.

La cita de 15 Corpus Juris 316, Sección 783, mencionada por la mayoría de esta corte no tiende a sostener un procedimiento sumario.  El contexto de esa cita sólo quiere

decir ·que la parte puede recurrir a una moción u orden para mostrar causa y que no tiene necesariamente que entablar una acción independiente. El recurso a seguir es por medio de ejecución y no mediante una orden para que el funcionario devuelva el dinero. Según interpreto la cita, ésta no tiene por objeto el que se dicte una orden específica para que se devuelva el dinero y para que en caso de no ser obedecida el funcionario pueda ser castigado por desacato.

Me parece que el inciso 5º del artículo 7 del Código de Enjuiciamiento Civil en que se fundó esta corte es demasiado general y que no es lo suficientemente específico para que cubra este caso. El objeto de dicho artículo es reglamentar la conducta oficial de sus funcionarios y no toda su conducta. Ciertamente que este ·artículo no abarca los deberes no definidos por la ley.

Al igual que lo hizo la corte inferior me abstengo de comentar la conducta del taquígrafo, pero por las razones que preceden disiento de la opinión de la mayoría.