José de Gracia, demandante, *v.* Gerardo Guardiola, demandado-apelante, y Oscar A. Gandía, taquígrafo-apelado.

No. 4885.—*Sometido:* Marzo 5, 1929. *Resuelto:* Julio 12, 1929.

*F. Soto Gras,* abogado del apelante; *Feliú & La Costa,* abogados del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se apela de una resolución de la Corte de Distrito de San Juan ordenando al taquígrafo de la misma la devolución de cierta cantidad cobrada de más en este pleito, no por él sino por la parte a cuyo favor se ordenó la devolución, y está envuelta en el recurso la interpretación de las leyes que actualmente regulan el cobro de derechos por los taquígrafos oficiales de las cortes de distrito de la Isla.

Los hechos del caso y las cuestiones envueltas y decididas surgen con toda claridad de la relación del caso y opinión de la Corte de Distrito que, en parte, dice:

"En este caso, a petición del demandado, se ordenó al taquígrafo Oscar A. Gandía preparar una transcripción de la evidencia, o sea, de las declaraciones ofrecidas y pruebas practicadas, y resoluciones, actos o manifestaciones de la corte, así como de todas las objeciones y excepciones de los abogados y cuestiones o materias que con la misma se relacionaran, a los fines de una apelación establecida por la parte demandada para ante el Tribunal Supremo de Puerto Rico, de acuerdo con las disposiciones de la Ley No. 27 de 27 de noviembre, 1917, enmendada por Ley No. 81 de 20 de julio, 1919, y dicha transcripción fué radicada en Secretaría, entregándose una copia certificada a los abogados del demandante Blondet y Campilló y otra al abogado F. Soto Gras, del demandado.

"El taquígrafo cobró al demandado por su trabajo la cantidad de $200.00, que le fué pagada en tres partidas de $50, $70 y $80 respectivamente, y luego el demandado solicitó que le fuera reintegrada la suma de $173.08 porque contadas las palabras contenidas en el récord, dieron un total de 26,924, que a razón de 10¢ por cada 100 palabras, sólo importaban $26.92. Se celebró una vista y la corte resolvió que no tenía facultades para ordenar la devolución en la forma solicitada, sino que debía seguirse un procedimiento ordinario, pero esta decisión fué anulada por el Tribunal Supremo y se devolvió el caso para que la corte continuara conociendo del mismo de acuerdo con los principios establecidos en la opinión.

"Una nueva vista se celebró, en que el taquígrafo estuvo representado por el abogado don Leopoldo Feliú, y se practicó prueba por ambas partes, radicándose alegatos.

"La Ley No. 27 de 1917, citada, en su sección 2 impone al taquígrafo el deber, al serle ordenado por la corte, de transcribir fiel y completamente el *récord taquigráfico del juicio*, incluyendo copia

de todos los documentos ofrecidos y admitidos como prueba y de cualquier materia que se hubiere solicitado en el escrito; y la sección 3 de la misma ley, según fué enmendada por Ley 81, de 1919, también citada, dispone *que el taquígrafo entregará una copia de la transcripción al apelante, otra al apelado y la tercera al secretario para ser unida al legajo de la sentencia,* certificando dichas entregas al pie del original.

"La sección 5 de la Ley de 10 de marzo de 1904 creando las plazas de taquígrafos-reporters de los tribunales de distrito, dispone *que será el deber del taquígrafo, al ser requerido por cualesquiera de las partes en un pleito en que se hayan tomado notas taquigráficas, proporcionar copia escrita en maquinilla de las mismas o cualquier parte de ellas, y por lo cual tendrá derecho a recibir, como honorarios, además de su sueldo, 10¢ por cada 100 palabras, que habrá de satisfacer la parte que la solicite.* Las notas taquigráficas, según la ley de 1904, comprenden solamente los procedimientos orales y las declaraciones de testigos. De la prueba documental sólo se hace una referencia.

"Con anterioridad a la Ley No. 27 de 1917, el procedimiento para incorporar la prueba, tanto documental como testifical, al legajo de la sentencia, era el de la exposición del caso únicamente, que debía preparar la parte. Por lo regular, se solicitaba por el apelante copia de las declaraciones de los testigos para redactar la exposición, y también la solicitaba el apelado para confrontar la exactitud, y ambas partes pagaban el récord. Luego, se promulgó la Ley 27 de 1917 citada, que provee la transcripción de evidencia preparada por el taquígrafo, o sea, el mismo récord taquigráfico, pero adicionando la evidencia documental y todas las resoluciones, actos y manifestaciones de la corte, así como todas las objeciones y excepciones de los abogados y cuestiones o materias que con la misma se relacionan. Un apelante puede ahora, a su elección, usar indistintamente uno u otro procedimiento, o sea, el de la exposición del caso o de la transcripción de evidencia. Si utiliza el primero y necesita el récord taquigráfico, debe satisfacerlo al taquígrafo, al igual que el apelado si lo interesa; y si utiliza el segundo, en que se ordena al taquígrafo entregar tres copias por la ley de 1919, una al apelante, otra el apelado, y la tercera al secretario, debe también pagarse por las tres copias, porque en cuanto al arancel rige la ley de 1904, que establece los derechos que puede cobrar el taquígrafo por las copias de los récords y las notas tomadas por él. Por el procedimiento de la exposición del caso, si el apelado necesita una copia de la transcripción debe pagarla, pero si el apelante, a opción, uti-

liza el procedimiento de transcripción de evidencia por el taquígrafo, o sea, en que la labor necesaria para preparar un documento completo la realiza el taquígrafo, y en que se ordena a éste entregar la copia al apelado, también debe el apelante pagar por ella, al igual que la que recibe, pues no sería justo, ni razonable, que el apelado, que ha obtenido una sentencia a su favor pagase por la copia de la transcripción que se le sirve, cuando todo esto se hace a solicitud del apelante, como dispone la ley de 1917 en su sección segunda. Y aun cuando el taquígrafo, al transcribir sus notas, bien sea para la exposición del caso o por la transcripción de evidencia, prepare las copias al mismo tiempo que el original, la ley no hace distingos en cuanto a los honorarios y tiene derecho a percibir su valor por cada copia que entrega como si fuere la original. El taquígrafo tiene, por tanto, derecho a cobrar del demandado-apelante, habiendo utilizado el procedimiento de transcripción de evidencia, por las tres copias que entregara, que a razón de $26.92 cada copia, por contener 26,924 palabras cada una, importan la suma de $80.76 y debe devolver la cantidad de $119.24 cobrada en exceso.

"Para justificar el taquígrafo el cobro en exceso, declaró que el pago fué voluntario y que convino con el abogado del demandado Sr. Soto Gras, debido a la acumulación de trabajo, verificar éste en horas extraordinarias, y que se llevó las libretas que contenían las notas para su casa y allí preparó la transcripción en horas de la noche. El Sr. Soto Gras negó que hubiera hecho tal convenio con el taquígrafo. Pero sea como fuere, no pueden cobrarse por el taquígrafo otros honorarios que los fijados por ley de 1904, que determina su compensación, según se consigna claramente en la opinión del Tribunal Supremo de Puerto Rico, cuyos principios estamos obligados a seguir, respetar y hacer cumplir.

"Los taquígrafos de las Cortes de Distrito de San Juan perciben actualmente un sueldo de $1,800.00 por año, o sea, $150.00 mensuales, que les paga el Gobierno de Puerto Rico y como honorarios 10¢ por cada 100 palabras de las transcripciones que realicen y que deben satisfacer las partes."

Dos errores señala la parte apelante en su alegato. El primero se formula así:

"No considerar como la ley del caso y resolutoria de todas las cuestiones entre las partes, la resolución de esta Hon. Corte de enero 31, 1928, en el recurso de *certiorari* número 576."

Opinamos que no se ha cometido error alguno. **La Corte**

de Distrito aplicó razonablemente la ley del caso. La cuestión de las copias a la parte y al secretario no fué tomada en consideración por esta Corte Suprema en el caso de *certiorari*. Aparte de la cuestión de procedimiento decidida, lo que allí se resolvió en verdad fué que el taquígrafo oficial de las Cortes de Distrito de Puerto Rico, un funcionario público que recibe sueldo del Pueblo y que puede percibir honorarios por su trabajo, estando como están dichos honorarios fijados por la ley, los fijados y no otros son los únicos que puede reclamar y percibir. *Guardiola* v. *Corte de Distrito de San Juan,* 37 D.P.R. 649.

El segundo error señalado es el que sigue:

"Declarar que el taquígrafo tiene derecho a cobrar por las copias de la transcripción de la evidencia entregadas a las partes."

Argumentándolo la parte apelante, se expresa así:

"Aun en el caso de que esta Hon. Corte no hubiera resuelto la cuestión de si el taquígrafo puede o no cobrar por las copias del récord que entregue a las partes, sostenemos que de acuerdo con la ley y los principios establecidos por esta Hon. Corte interpretándola, no procede otro pago que el de VEINTISÉIS DOLLARS NOVENTA Y DOS CENTAVOS ($26.92), que es el importe del récord original.

"El taquígrafo invoca la enmienda introducida por la ley número 81 de 1919, en virtud de la cual,

"'El taquígrafo entregará una copia de la transcripción al apelante, otra al apelado, y la tercera al secretario para ser unida al legajo de la sentencia, *certificando* dichas *entregas* al pie del original.'

"Como se ve de una simple lectura de esta disposición legal, no aparece de ella que el taquígrafo tenga derecho a cobrar por las copias que expida, ni mucho menos se impone al apelante la obligación de pagar por todas dichas copias.

"Es conveniente llamar la atención a que originalmente la ley de 1917 (segundo tomo) no imponía al taquígrafo la obligación de entregar copias a las partes y que tal obligación del taquígrafo fué impuesta por la ley de 1919 arriba inserta.

"Tratándose de gastos que según la ley de 1904 tienen el concepto de costas, debe ser interpretada restrictivamente la disposición

que nos ocupa y no puede por interpretación hacerse extensiva la disposición de la ley de 1904 que autoriza al taquígrafo a cobrar por la *transcripción original* del récord.

"Bien pudo el legislador imponer al taquígrafo la obligación adicional de entregar copia de su trabajo a las partes dentro de la compensación fijada para la transcripción original solicitada por la parte apelante. Incumbe a la Legislatura únicamente corregir su error, si lo hubo, en no fijar compensación al taquígrafo por las copias adicionales que se entreguen a las partes.

"Lo que no puede admitirse es que se imponga al apelante una nueva obligación que no nace de la ley ni de convenio entre él y el taquígrafo; y como según el artículo 1056 del Código Civil 'las obligaciones nacen de la ley, de los contratos y cuasi contratos, y de los actos y omisiones ilícitos o en que intervenga cualquier género de culpa o negligencia,' es manifiesto que el apelante no ha contraído con el taquígrafo obligación alguna de pagarle por las copias que por orden y ministerio de la ley tiene dicho funcionario obligación de entregar a las partes.

"El original que se archiva con el Secretario, que constituye la transcripción de la evidencia a los efectos de la apelación y que luego se remite a esta Hon. Corte, viene obligado a pagarlo el apelante porque solicitó que el taquígrafo realizara tal trabajo, único caso en que de acuerdo con la ley de 1904 contrae la obligación de pagar al taquígrafo por la copia del récord, esto es, cuando la parte lo solicita.''

A nuestro juicio el argumento de la parte apelante no destruye el razonamiento del juez sentenciador. Es cierto que nada dispone expresamente la última ley sobre lo que debe cobrarse y es que tuvo en cuenta la existencia de la primera. Se impuso al taquígrafo un deber más y aunque en verdad no parece equitativo que cobre lo mismo por las tres copias ya que el principal trabajo consiste en la preparación del original, tampoco resultaría justo que nada percibiera por dos. Y como el taquígrafo en el nuevo método para apelar establecido por la ley actúa para beneficio del apelante, consideramos justa la interpretación de la Corte de Distrito, tanto más cuanto que dicho método no es obligatorio y el apelante puede tramitar su recurso por el antiguo, o sea por medio de una exposición del caso, viniendo

entonces obligado solamente a pagar al taquígrafo por la copia que le pida.

*Debe confirmarse la resolución apelada.*