Antonio Vázquez Bruno y su esposa Beatriz Martínez, peticionarios, *v.* La Corte de Distrito de San Juan, Hon. C. Llauger Díaz, Juez,

No. 1058.—*Sometido:* Diciembre 9, 1935. *Resuelto:* Diciembre 18, 1935.

---

* Nota: Véase el prefacio.

R. *Díaz Collazo*, abogado de los peticionarios; *T. Torres Pérez, Subprocurador*, abogado de la Corte demandada; *E. H. F. Dottin*, abogado del taquígrafo, Sr. Vera.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En la Corte de Distrito de San Juan se siguieron tres pleitos contra Antonio Vázquez Bruno y su esposa, interpuesto uno por María Concepción Delgado Vda. de Campillo, otro por la misma demandante por sí y por sus hijas menores de edad María de la Concepción y Aida Campillo Delgado, y el tercero por Aida Campillo Delgado representada por su madre María Concepción Delgado Vda. de Campillo, los tres pleitos para recobrar indemnización por daños y perjuicios. Esos tres pleitos están ante nosotros por virtud de un auto de *certiorari* librado a instancia de los demandados.

El motivo alegado para que tal auto fuera expedido fué que dictada sentencia condenatoria en esos tres casos y apeladas por los demandados, la corte, a instancia de los apelantes, ordenó al taquígrafo que hiciera la transcripción de la evidencia para esas apelaciones: que después ordenó la corte, a instancia del taquígrafo que tomó las notas del juicio, que los apelantes consignaran en la secretaría de la corte la suma de $80 para responder al taquígrafo de las transcripciones solicitadas de la evidencia: que el 20 de septiembre de 1935 los demandados radicaron en la corte de distrito una moción jurada solicitando que se determinara el montante aproximado de los honorarios del taquígrafo por concepto de la transcripción de la evidencia y que se autorizara

a los demandados para prestar fianza con el fin de responder del pago de dichos honorarios, cuya moción fué declarada sin lugar por la corte de distrito.

Los peticionarios no comparecieron ante nosotros el día señalado para la vista de este recurso de *certiorari* ni tampoco nos han presentado el memorándum de autoridades que ofrecieron y para el cual se les concedió tiempo. Por consiguiente, todo lo que tenemos ante nosotros es la petición de *certiorari* y los autos de la corte de distrito.

██ Dejando a un lado cualquier defecto que la petición pueda tener, diremos que la ley de 1904 creando el cargo de taquígrafo repórter en los tribunales de distrito dispone por su sección 5ª (Comp. 1281) que dichos taquígrafos tendrán el deber de proporcionar a cualquiera parte en un pleito en el que se hayan tomado notas taquigráficas copia escrita a máquina de los autos, o de cualquier parte de los mismos, por la cual tendrán derecho a recibir, además de su sueldo, diez centavos como honorarios por cada cien palabras, que habrá de satisfacer la parte que solicitare aquélla; y la regla 10 de la Corte de Distrito de San Juan dice que será deber de los taquígrafos transcribir las notas taquigráficas y preparar las transcripciones de evidencia de todos aquellos asuntos civiles o criminales que se les ordenare por la corte o solicitaren las partes interesadas, pero que la parte interesada, una vez dictada la orden o hecha la solicitud, deberá consignar en secretaría para el taquígrafo el importe de los honorarios de éste conforme al arancel.

La cantidad que se mandó consignar no es para ser entregada toda al taquígrafo, si hay oposición de los apelantes, sino la parte de ella que resulte ser la justa de acuerdo con la ley, como resolvimos en el caso de *José de Gracia* v. *Gerardo Guardiola y Oscar A. Gandía,* 39 D.P.R. 886. Basta que esa cantidad sea aproximada, a menos que se demuestre que sea excesiva, lo que no hicieron en este caso los apelantes. Nos parece difícil que un taquígrafo pueda fijar el precio exacto de la transcripción que ha de hacer de sus notas antes

de que las haya puesto en máquina. Por consiguiente, no tenían razón los peticionarios para pedir que el taquígrafo determinara el valor de sus honorarios pues ya lo había sido en el valor aproximado de ellos.

Tampoco la tenían cuando solicitaron que en vez de consignar el dinero calculado por el taquígrafo se les permitiese prestar una fianza para garantizar dicho pago. Lo que dispone là ley es que el taquígrafo tiene derecho a recibir diez centavos por cada cien palabras de la transcripción, no a que se le dé una fianza de que se le pagará. Además, por el procedimiento que quieren instaurar los peticionarios en este caso podría estar obligado el taquígrafo a pleitear en caso de que los apelantes o sus fiadores no hicieran el pago. Este no es el propósito de la ley.

*Por lo expuesto el auto librado debe ser anulado.*